**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

VIJON HINTON                                                                              PLAINTIFF
ADC #659422

V.                                        NO: 1:15CV00058 DPM/JWC

CHRIS BRANDON *et al*                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection. Your objections

must be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Vijon Hinton, who is currently held at the Arkansas Department of Correction's

North Central Unit, filed a *pro se* complaint on May 4, 2015.

### I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

1

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff, Defendant Chris Brandon falsely accused him of a disciplinary violation, and Minor and White violated prison policy in connection with the disciplinary proceedings. As a result of his conviction, plaintiff served 34 days in punitive isolation, and was reduced in class, which prolonged his incarceration. Because Plaintiff has failed to state a claim upon which relief may be granted, his complaint should be dismissed.

Plaintiff is essentially advancing a due process claim. However, a reduction in class does not implicate a liberty interest that would give rise to due process protection. *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990)(noting that an inmate has no right to any particular

class status); *Strickland v. Dyer*, 628 F.Supp. 180, 181 (E.D. Ark. 1986)(finding that because Arkansas case law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, inmate could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction).  Likewise, 34 days of isolation does not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995).  The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*."  *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002).  *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed); *Richardson v. Pevey et al.*, Case No. 5:12CV00096, 2012WL 1167086 (E.D. Ark. March 15, 2012) (unpublished opinion) (no protected liberty interest when inmate served 30 days in punitive isolation and commissary, telephone, and visitation privileges, were suspended for 60 days).

In the absence of a protected property or liberty interest, Plaintiff is left with at most a false disciplinary charge or policy violation.  However, neither a false disciplinary charge nor the failure to follow prison policy is a constitutional violation.  *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 485 U.S. 982 (1988)) (false disciplinary charges alone not a constitutional violation); *Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).  Accordingly, Plaintiff's complaint should be dismissed for failure to state an actionable claim.[1]

---

[1]The Court also notes that Plaintiff described no conditions which deprive him of the minimal civilized measure of life's necessities, or expose him to a risk of harm.  *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996) (discussing requirements to establish a condition of

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this11th day of May 2015.

_____
UNITED STATES MAGISTRATE JUDGE

_____

confinement claim).